IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RUSSELL MEANS,

      Plaintiff,

vs.                                                                                      No. CIV 02-1009 LH/LCS

OFFICE OF THE NEW MEXICO
GOVERNOR, AND THE OFFICE OF THE
SECRETARY OF STATE,

      Defendants.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Joint Motion to Dismiss by Defendants the Office of the Governor, Office of the Secretary of State, State of New Mexico (Docket No. 8), filed September 4, 2002. The Court, having considered the pleadings submitted by the parties and otherwise being fully advised, finds that Defendants' motion is **well-taken** and should be **granted.** Plaintiff's Application for a Three District Judge Panel (Docket No. 7), Application for Restraining Order (Docket No. 10), and Application for Extraordinary Writ (Docket No. 16) should also be **denied.**

    **I.**     **PROCEDURAL HISTORY**

Plaintiff, appearing *pro se*, sued the Offices of the Governor and the Secretary of State of New Mexico in United States district court. *Russell Means v. Office of the New Mexico Governor, and the Office of New Mexico Secretary of State*, CIV No. 02-883 PK/LFG. (*"Means I"*). In *Means I*, Plaintiff brought causes of action under a variety of theories, *e.g.*, violations of the Thirteenth,

Fourteenth, and Fifteenth Amendments to the United States Constitution, several provisions in the New Mexico Constitution, and the Voting Rights Act, 42 U.S.C. §1973. Plaintiff prayed for a restraining order and subsequent preliminary injunction to stop the Governor and Secretary of State from interfering with his ability to declare his candidacy in the 2002 gubernatorial election.

Judge Paul Kelly, sitting by designation as a district judge, interpreted Plaintiff's application for a restraining order under two general categories of claims. First, Plaintiff alleged that Defendants improperly denied non-party affiliated voters the right to vote in primary elections. Second, Defendants improperly infringed upon Plaintiff's right to declare his candidacy for governor by denying his petition for a pardon or certificate of restoration of rights of citizenship under N.M. Stat. Ann. §31-13-1(C).[1] Judge Kelly denied the application for the restraining order and motion for preliminary injunction as procedurally lacking and without substantive merit. Finding that Plaintiff had set forth no claim upon which relief could be granted, Judge Kelly dismissed Plaintiff's case with prejudice. (Order, *Means I*, entered July 31, 2002).[2]

Plaintiff has now filed the instant lawsuit, *Russell Means v. Office of the New Mexico Governor, and the Office of New Mexico Secretary of State*, CIV No. 02-1009 LH/LFG ("*Means*

---

[1]That statute reads:

A person who has been convicted of a felony shall not be permitted to hold an office of public trust for the state, a county, a municipality or a district, unless the person has presented the governor with a certificate verifying the completion of his sentence and was granted a pardon or a certificate by the governor restoring his full rights of citizenship.

N.M. STAT. ANN. §31-13-1(C) (Supp. 2002).

[2]Plaintiff argues that Judge Kelly's Order applies only to his motion to proceed *in forma pauperis*. As stated in the Order, "the court may deny in forma pauperis status where the action fails to state a claim on which relief may be granted." *Id.*, ¶2 (citing 28 U.S.C. §1915(e)(2)(B)(ii)). Judge Kelly established in the remainder of the Order that there was no doubt that Plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Id.*, ¶¶3-12.

*II*"). He has filed both a complaint for civil voting rights violations and a second application for a restraining order, both based on many of the theories expounded in *Means I*. In *Means II*, Plaintiff seeks enforcement of the Voting Rights Act, monetary compensation for unlawful conduct of state officers, and an order for Defendants to administer a new primary election to right alleged apportionment violations.

Defendants have filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), (5) and (6), and Federal Rule of Civil Procedure 4. Defendants' primarily argument is based on the doctrine of *res judicata*, with alternative arguments based on collateral estoppel, Eleventh Amendment immunity, and insufficiency of service of process. In his response, Plaintiff avers, *inter alia*, that Defendants' joint motion to dismiss should be rejected by the Court as untimely and that Defendants have waived any deficiency in service of process by filing their motion to dismiss. Before this Court could rule on the motion to dismiss, Plaintiff additionally filed an application for an extraordinary writ.

Because Plaintiff's claims are barred by the doctrine of *res judicata*, the Court must dismiss his case.

## II.  BACKGROUND

Plaintiff is a citizen of New Mexico who was convicted of a felony in the State of South Dakota. In 1980, Plaintiff completed his term of incarceration and was released from prison by the South Dakota Department of Corrections. His civil rights have been reinstated pursuant to South Dakota state statutes. Besides the question of his felon status, Plaintiff is otherwise qualified to run for the office of governor of the State of New Mexico. Plaintiff has tried, for more than a year, to declare his candidacy for the office of governor, but Defendants have denied him a pardon or

certificate of restoration of full rights of citizenship. There are 931,589 registered voters in New Mexico, and 123,699 of those voters[3] were denied access to vote in the 2002 primary election because they were not affiliated with a recognized political party.

### III. ANALYSIS

#### A. Timeliness

As a preliminary matter, the Court must address Plaintiff's assertion that Defendants failed to file their motion to dismiss in a timely manner. The court record contains returns of service for a summons and complaint served in person to parties authorized to accept service for both Defendants. These returns of service were completed by a process server named Marc Voltura and dated August 14, 2002. In contradiction, Defendants have filed the affidavit of the Governor's receptionist, Mary Anaya, who states that she received and accepted the complaint on August 15, 2002, and that no summons was attached to it. Defendants submitted no affidavit regarding receipt of service from the Office of the Secretary of State. Defendants' motion was mailed to Plaintiff on September 4, 2002,[4] which is twenty days from August 15, 2002, and twenty-one days from August 14, 2002.

The Court finds Plaintiff's returns of service and Defendants' affidavit equally credible, both as to the date of service and as to whether the summons was actually attached, and is unable to determine whether Defendants' motion to dismiss was timely. As a consequence, the Court errs on the side of the non-movant and finds that the motion to dismiss was untimely. Defendants' objections

---

[3]The Court notes that these numerical values vary throughout the documents submitted by Plaintiff.

[4]Federal Rule of Civil Procedure 5(b)(2(B) states: "Service...[of every written motion under Rule 5(a)]...by mail is complete on mailing."

to the sufficiency of service of process are, therefore, deemed to be waived, as mandated by Federal Rule of Civil Procedure 12(h)(1).

Nevertheless, "[a] defense of failure to state a claim upon which relief can be granted [under Rule 12(b)(6)]...may be made in any pleading permitted...or by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12 (h)(2). The Court, thus, treats the portion of Defendants' motion arising under Rule 12(b)(6), *i.e.*, the *res judicata* argument, as a motion for judgment on the pleadings and concludes that Plaintiff's claims are barred.

### B. Failure to State a Claim Under *Res Judicata*

The doctrine of *res judicata* precludes the re-litigation of causes of action when four elements are present:

> (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

*Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1256 (10th Cir. 1997).

The first, second, and fourth elements of *res judicata* are easily satisfied in this case. First, *Means I* ended in Judge Kelly's dismissal with prejudice, which constitutes a judgment on the merits. *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991). Second, the parties in *Means II* are identical to the parties in *Means I*. Finally, Plaintiff had a full and fair opportunity to litigate his claims in *Means I*. Judge Kelly carefully considered Plaintiff's claims, determined that there was no set of facts that Plaintiff could have alleged that would have entitled him to relief, and both denied Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. §1915(e)(2)(B)(ii) and dismissed the case under Federal Rule of Civil Procedure 12(b)(6). (Order, *Means I*, at *13).

As to the third element, a comparison of the pleadings in the two cases indicates that most of the causes of action in *Means II* are, in fact, reiterations of those in *Means I*.[5] The Court has identified two causes of action or legal theories in *Means II*, however, that do not mimic those in *Means I*: the Third Cause of Action ("Ex Post Facto Application"); and the Sixth Cause of Action ("Corrupt State Legal System").[6] As a result, the Court must analyze whether these two causes of action are essentially "the same" as those already raised in *Means I*, in satisfaction of the third element of *res judicata*.

The Tenth Circuit directs the Court to apply the "transactional" analysis of the Restatements (Second) of Judgments, Section 24, to determine whether a lawsuit is based on essentially the same transaction or series of transactions as those involved in an earlier lawsuit between the same parties. Section 24 defines the scope of a "claim" or "cause of action" that will be barred:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all

---

[5]Placing the Civil Voting Rights Complaint ("Complaint, *Means II*") side by side with the earlier filed Memorandum Brief in Support of Application for Restraining Order and Motion for Preliminary Injunction ("Application, *Means I*"), it is clear that most of the causes of action are virtually identical.

| Complaint, *Means II* | Basis of Cause of Action | Application, *Means I* |
|---|---|---|
| ¶1 | power to vote; 13th & 15th Amendments | ¶2, 7 |
| ¶7-11, 14, 15 | apportionment discrepancies | ¶3-5, 6(A), (B) & (C) |
| ¶12, 13 | full faith & credit; Voting Rights Act | ¶8(A), 9; Arg. pp.8-9 |
| ¶16-18 | denial of citizenship rights / punishment | ¶4 |
| ¶24-26 | previous cond. of servitude; 15th Amendment | ¶8(A), 10 |
| ¶27-31 | Voting Rights Act | ¶8(A), 9 |

[6]In the Third Cause of Action, Plaintiff asserts that he has been declared a "felon for life" by Defendants under N.M. Stat. Ann. §31-13-1. Plaintiff argues that the statute cannot be applied to him because he was not a New Mexico citizen when it was enacted, and that the law's *ex post facto* application harms him by denying him the opportunity to run for the office of governor in 2002. (Civil Voting Rights Complaint, ¶¶19-22). In the Sixth Cause of Action, Plaintiff makes the generalized equitable argument that only this Court can provide relief in the face of a corrupt statewide legal and court system. *Id.*, ¶¶32-34.

> or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> (2) What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir.1988) (citing RESTATEMENTS (SECOND) OF JUDGMENTS, § 24).

Recently, this Court recognized that "under modern forms of procedure the parties have the means to present all material relevant to the transaction without the confinement to a single substantive theory or form of relief." (Memorandum Opinion and Order, *Wiznia v. City of Albuquerque*, CIV No. 00-1184 LH/WWD, entered April 18, 2002, *3 (citing *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997))). As a result, "[t]he law of *res judicata* now reflects the expectation that parties who are given the capacity to present their 'entire controversies' shall in fact do so." *Id.* at *4. (citing RESTATEMENTS (SECOND) OF JUDGMENTS, § 24, Comment a).

The Court concludes that the transactions upon which the new causes of action in *Means II* are based, if not identical to those in *Means I*, are sufficiently related in time, space, origin, and motivation for purposes of *res judicata*. The issues in both *Means I* and *II* originate from the same two sources: Plaintiff's unsuccessful attempt to declare his candidacy for the office of the governor of New Mexico for the election year 2002, and his assertion that Defendants violated apportionment laws when they prevented registered voters without recognized party affiliations from voting in the 2002 Primary Elections. Additionally, in initiating both *Means I* and *II*, Plaintiff has the same motivation, as may be discerned from his requests for relief in each case. Plaintiff wishes to place his

own name on the 2002 ballot without Defendants' interference, to allow non-party affiliated voters the ability to vote in primary elections, and to mandate a new 2002 gubernatorial primary election that would reflect corrections of the apportionment violations Plaintiff's alleges. Moreover, the new causes of action would have undoubtedly formed a convenient trial unit with those already raised.

All four elements of *res judicata* are satisfied. The causes of action in *Means II*, even if founded upon new theories, are based on the same or related transactions and should have been raised in *Means I*. They are now barred from re-litigation.

### C.     Extraordinary Writ

Plaintiff accuses Defendants and the New Mexico Attorney General of "misappropriating State public funds to falsify official federal court proceedings for benefit, and doing so using practicing attorney employees of the Office of the New Mexico Attorney General," (Plaintiff's Application for Extraordinary Writ (Docket No. 16), *1), and requests a writ of mandamus to order Defendants to "explain in writing to the Court within 72 hours of receipt what authority of State office they possess, if any, they may have (sic.) for intentionally defying federal election laws..." (Plaintiff's proposed Writ of Mandamus (attached to Docket No. 16)).

The Court notes that "[t]he writs of *scire facias* and mandamus are abolished" in the District Court. FED. R. CIV. P. 81(b). Even if the Court treats the application for a writ of mandamus as a proper motion, the underlying transactions that can be discerned from the application are either identical to or related to the transactions in *Means I*. The Court has determined that these causes of action are barred (see Part III(B)), and Plaintiff's application for the writ should be dismissed with the rest of the case.

**IT IS, THEREFORE, ORDERED** that Defendants' motion to dismiss is **granted.** Plaintiff's Application for a Three District Judge Panel (Docket No. 7), Application for Restraining Order (Docket No. 10), and Application for Extraordinary Writ (Docket No. 16) are, accordingly, **denied.**

**IT IS FURTHER ORDERED** that this case is **dismissed with prejudice.** Pursuant to Federal Rule of Civil Procedure 58, a separate final judgment will be issued contemporaneously with this order.

_____
**UNITED STATES DISTRICT JUDGE**